IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONZER AL-KASSAR, #61111-054, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-01211-JPG |
| ) | |
| UNITED STATES DEPT. OF JUSTICE, ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| U.S. MARSHALS SERVICE, ) | |
| KAREN WAGGONER, ) | |
| BRYANT McGEE, ) | |
| ANDREW MOULTON, ) | |
| J. HUGHES, ) | |
| R. BLAIR, ) | |
| M. SVENINGSON, ) | |
| RYAN FILSON, ) | |
| JOHN DOE, ) | |
| and GARY BURGESS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (FBOP) and is currently incarcerated at the United States Penitentiary located in Marion, Illinois (USP-Marion). He brings this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680. (Doc. 1, pp. 1-42). In the Complaint, Plaintiff claims that he was forced to live among sick inmates in USP-Marion's COVID-19 quarantine unit and assaulted by an unknown food delivery person because of his religion. (*Id*. at 10). Defendants then denied him medical care for the hand injury he sustained in the assault. He seeks declaratory and monetary relief. (*Id*. at 25).

1

The Complaint is subject to review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 1-42):

**A.     Transfer to G Unit**

On or around August 5, 2020, Nurse Karen Waggoner and Deputy Marshal Ryan Filson escorted Plaintiff from his cell to USP-Marion's health clinic for COVID-19 testing. At the time, Plaintiff was scheduled for back surgery and anticipated this testing before his departure. Instead of leaving the institution for back surgery, however, Plaintiff was moved to USP-Marion's G Unit, which was used to quarantine inmates during the COVID-19 pandemic. He remained there for the remainder of August. During this time, he was surrounded by sick and coughing inmates. Plaintiff tested for COVID-19 on three separate occasions, and he tested negative each time. However, Plaintiff maintains that the defendants transferred him to G Unit in an attempt to murder him, and he seeks to bring criminal charges against them. He further claims that the conditions of his confinement amounted to cruel and unusual punishment in violation of his rights under the Eighth Amendment.

B.     **Religious Discrimination**

On or around August 6, 2020, Plaintiff's prayer ritual was interrupted by the delivery of food by an unknown individual wearing a mask. Plaintiff could not tell if the person was an inmate, officer, or medical staff member. When he leaned through the food slot door to request the person's name, the individual slammed the door on Plaintiff's hand, shouting, "You fu*king Muslim!" Plaintiff claims he was the target of religious discrimination by the unknown individual, in violation of his Fifth Amendment right to equal protection of the law.

C.     **Denial of Medical Care**

Plaintiff suffered from painful swelling in his hand following the incident that occurred on August 6, 2020. For three weeks, he begged for medical treatment for his hand when he requested prescription medication for his diabetes and hypertension from the following defendants: Bryant McGee, Andrew Moulton, J. Hughes, and Gary Burgess. Plaintiff also asked others for help, including, but not limited to, Lieutenant Watts, T. Tapley, Ms. Baker, Ms. Bagwell, Ms. Cook, Harbison, Brooks, Randall, Lieutenant Mitchell, and David Carr. It is unclear whether he ever received a diagnosis or treatment for the injury. However, Plaintiff claims that the denial of medical care for his hand injury amounted to cruel and unusual punishment under the Eighth Amendment.

## Preliminary Dismissals

A.     **FTCA Claim**

This matter cannot proceed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680. The FTCA provides jurisdiction for suits against the United States arising from torts committed by federal officers. 28 U.S.C. § 1346(b)(1). The United States is the only proper defendant in an FTCA action. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v.*

*United States*, 701 F.2d 56, 58 (7th Cir. 1982); 28 U.S.C. § 2679(b).  Plaintiff does not list the United States as a defendant.  He names the United States Department of Justice, United States Marshals Service, and the Federal Bureau of Prisons, but the United States is a different party altogether.  *Hughes*, 701 F.2d at 58.  Without "explicit authorization to the contrary," a federal agency cannot be sued directly under the FTCA, regardless of that agency's authority to sue or be sued.  *See* 28 U.S.C.A. § 2679; *Russ v. United States*, 62 F.3d 201, 203 n. 1 (7th Cir. 1995).  Plaintiff must name the United States as a defendant, if he intends to pursue the FTCA claim.  Having failed to do so, the FTCA claim and the federal agency defendants named in connection with it shall be dismissed without prejudice.

**B.      Criminal Charges**

Plaintiff cannot rely on the FTCA or *Bivens* to pursue criminal charges or a conviction against anyone, and the Court lacks authority to grant this relief in a civil action.  Accordingly, Plaintiff's request for criminal charges or a conviction against the defendants who exposed him to COVID-19 in the G Unit shall be dismissed without prejudice.

**C.      Parties**

Plaintiff names the following defendants in the case caption and/or list of defendants, but he fails to mention them in the statement of his claim: United States Department of Justice, Federal Bureau of Prisons, United States Marshals Service, Lieutenant R. Blair, M. Sveningson, and Unknown John Doe.  Merely invoking the name of a potential defendant in the case caption is not enough to state a claim against an individual.  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Plaintiffs are required to associate specific defendants with specific claims, so that each defendant is put on notice of the claims brought against him or her and so the defendant can properly answer the complaint.  *See* FED. R. CIV. P. 8(a)(2).  Plaintiff cannot proceed with a claim against any of

these defendants, and they shall be dismissed without prejudice.

**D.     Non-parties**

Plaintiff also refers to individuals in his statement of claim who are not named as defendants in this action, including, but not limited to: Lieutenant Watts, T. Tapley, Ms. Baker, Ms. Bagwell, Ms. Cook, Harbison, Brooks, Randall, Lieutenant Mitchell, and David Carr. These individuals may or may not have been involved in the deprivation of Plaintiff's federally protected rights. However, the Court will not act on its own to add them as parties to this action. This decision belongs to Plaintiff. FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption"). Accordingly, all claims against these individuals shall be considered dismissed without prejudice from this action.

## Discussion

Turning to the claims set forth in the *pro se* Complaint, the Court finds it convenient to designate the below enumerated counts against the individuals named as defendants:

**Count 1:**    Eighth Amendment claim against Waggoner and Filson for taking Plaintiff to USP-Marion's quarantine unit on August 5, 2020, and exposing him to inmates with COVID-19 in August 2020.

**Count 2:**    Fifth Amendment claim against unknown person for violating Plaintiff's right to equal protection of the law by slamming his hand in the food slot door because he is Muslim on August 6, 2020.

**Count 3:**    Eighth Amendment claim against McGee, Moulton, Hughes, and Burgess for denying Plaintiff medical care for the hand injury he sustained on August 6, 2020.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

5

*Bivens* provides an implied damages remedy for certain constitutional deprivations caused by persons acting under color of federal authority. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The United States Supreme Court has recognized only three instances when a *Bivens* remedy is available against federal officials: (1) a Fourth Amendment claim involving unlawful searches and seizures in *Bivens*, 403 U.S. 388 (1971); (2) a Fifth Amendment due process claim involving gender discrimination in *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim for inadequate medical treatment in *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar v. Abbasi*, 137 U.S. 1843, 1854-55 (2017). Recent cases have declined to extend the *Bivens* remedy into contexts beyond the Fourth Amendment's protection against unreasonable searches and seizures, emphasizing that further expansion of *Bivens* is a "disfavored judicial activity." *Id*. (declining to extend *Bivens* to Fifth Amendment due process/conditions of confinement/abuse and equal protection claims; and to Fourth/Fifth Amendment strip search claims); *Egbert v. Boule*, -- U.S. --, 142 S. Ct. 1793 (2022) (no *Bivens* remedy for First Amendment retaliation claim or Fourth Amendment excessive force claim). The Supreme Court has explained that federal courts should refrain from expanding this remedy, unless certain "special factors" counsel otherwise. *Ziglar*, 137 U.S. at 1859-60.

### Counts 1 and 3

Counts 1 and 3 stem from unconstitutional conditions of confinement and the denial of adequate medical precautions for COVID-19 and/or medical care for a hand injury. At this early stage, the Court finds that both claims are akin to the one brought in *Carlson*. Neither one represents an explicit or unauthorized departure from this precedent.

Regardless, the allegations offered in support of Count 1 fail to state a claim against Defendants Waggoner and Filson. Plaintiff does not allege that either one was actually responsible

for the decision to transfer him into G Unit for a prolonged period of time or the ongoing decision to keep him housed near sick inmates in that unit. Moreover, he never suffered any harm. Despite routine testing for COVID-19, Plaintiff tested negative each time and suffered no symptoms of illness. Given this, Count 1 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

However, the allegations articulate a claim in Count 3 against Defendants McGee, Moulton, Hughes, and Burgess for denying Plaintiff medical care for his hand injury. Accordingly, these claims shall receive further review against the individual defendants named in connection with each claim herein.

### Count 2

Plaintiff's claim of religious discrimination represents an expansion of *Bivens* that has not been authorized post-*Abbasi* and/or post-*Egbert*. In addition, Plaintiff names no defendant who was acting under color of federal authority when slamming his hand in the food slot door. He describes an unknown inmate, officer, or medical staff member. Although the case caption lists John Doe, Plaintiff does not identify the person as John Doe in his allegations. And, he refers to several different individuals as "unknown" or "unidentified" without identifying them as Defendant John Doe in connection with various other claims. Given this ambiguity, Count 2 shall be dismissed without prejudice for failure to state a claim.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening, as follows: **COUNT 3** will proceed against Defendants **BRYANT McGEE, ANDREW MOULTON, J. HUGHES,** and **GARY BURGESS** in their individual capacities. **Because this claim arises from the alleged denial of medical care, the Clerk of Court is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that **COUNTS 1** and **2** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against any defendants.

**IT IS ORDERED** that **ALL CLAIMS** brought pursuant to the **Federal Tort Claims Act** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, UNITED STATES MARSHALS SERVICE, KAREN WAGGONER, LIEUTENANT R. BLAIR, M. SVENINGSON, JOHN DOE,** and **RYAN FILSON** are **DISMISSED** without prejudice because the Complaint fails to state a claim for relief against them.  **The Clerk of Court is DIRECTED to TERMINATE each of these defendants as parties in CM/ECF**.

Further, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **BRYANT McGEE, ANDREW MOULTON, J. HUGHES,** and **GARY BURGESS**; the Clerk shall issue the completed summons.  The United States Marshal **SHALL** serve Defendants **BRYANT McGEE, ANDREW MOULTON, J. HUGHES,** and **GARY BURGESS** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.  Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."  All costs of service shall

be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff and includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 7/5/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.