IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MONZER AL-KASSAR, #61111-054, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-01211-JPG |
| | ) | |
| BRYANT McGEE, | ) | |
| ANDREW MOULTON, | ) | |
| J. HUGHES, | ) | |
| and GARY BURGESS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for a decision on the Court's Order to Show Cause (Doc. 29) and Plaintiff's Response (Doc. 31); Plaintiff's Second Motion for Leave to File Amended Complaint (Doc. 32); and Plaintiff's Motion to Cure Defect in Action (Doc. 40).

### Background

Plaintiff Monzer Al-Kassar's Complaint was screened under 28 U.S.C. § 1915A and survived preliminary review on the following claim on July 5, 2022:

> **Count 3:**  Eighth Amendment claim against Defendants McGee, Moulton, Hughes and Burgess for denying Plaintiff medical care for the hand injury he sustained on August 6, 2020.

(*See* Docs. 1 and 20). All four defendants were served with this lawsuit on August 2, 2022, and their answers were due on or before October 3, 2022. (Docs. 21, 23-26).

However, on August 24, 2022, the Court received notice from Annamalai Annamalai, another federal inmate, indicating that he was coerced into filing Plaintiff Al-Kassar's Amended Complaint in this case, and it contained false or fraudulent signatures, information, allegations,

1

and/or claims.  The Court received this notice one day before Plaintiff's First Motion for Leave to Amend Complaint and proposed Amended Complaint were filed on August 25, 2022.  (Doc. 27). The Court denied the motion outright for failure to comply with Local Rule 15.1, which provides that "[a]ll new material in an amended pleading must be underlined."  *See* SDIL-Local Rule 15.1. The Court also entered the following Order to Show Cause:

> ORDER TO SHOW CAUSE: It has come to the Court's attention that one or more complaints filed in this matter may have been prepared by Inmate Annamalai Annamalai at the direction of Inmate William White and may also contain false or fraudulent signatures, information, allegations, and/or claims on behalf of Plaintiff Monzer Al-Kassar. Plaintiff Al-Kassar is hereby ORDERED to SHOW CAUSE why he should not be subject to sanctions for filing fraudulent pleadings with the Court. On or before SEPTEMBER 15, 2022, Plaintiff Al-Kassar must notify the Court in writing of the following: (a) who prepared the complaint for filing in this matter; (b) who prepared an amended complaint for filing in this matter (whether or not filed); and (c) whether any signatures, information, allegations, or claims in the complaint, amended complaint, or any other documents on file in CM/ECF contain false information. See FED. R. CIV. P. 11(c)(3) ("On its own, the court may order a[ ] . . . party to show cause why conduct specifically described in the order has not violated Rule 11(b)."). Plaintiff Al-Kassar is WARNED that failure to respond to this show cause order by the deadline may result in imposition of sanctions that include, but are not limited to, dismissal of this action. See id.; FED. R. CIV. P. 41(b).

(*See* Doc. 29).  Plaintiff did not respond by the show cause deadline, and the Court entered a Notice of Impending Dismissal on September 19, 2022.  (Doc. 30).  The next day, Plaintiff filed a Response (Doc. 31) and a Second Motion for Leave to File Amended Complaint (Doc. 32).  The Court will now consider both.

## Discussion

Plaintiff responded to the Court's Order to Show Cause on September 20, 2022.  (Doc. 31). Plaintiff was required to explain (a) who prepared the complaint for filing in this matter; (b) who prepared an amended complaint for filing in this matter (whether or not filed); and (c) whether any signatures, information, allegations, or claims in the complaint, amended complaint, or any other documents on file in CM/ECF contain false information.

In response to the first inquiry, Plaintiff states he drafted the original Complaint and then had two other inmates, Annamalai Annamalai and Scott Rendelman, type the Complaint for him. (Doc. 32).  In the process, they made minor editorial changes to correct his English, but Plaintiff reviewed the typewritten Complaint before filing it to make sure no allegations or facts were changed or falsified.  Plaintiff confirms that he reviewed the final document for factual errors and filed the same under his own signature after approving it.  (*Id*.).

In response to the second inquiry, Plaintiff states that Annamalai Annamalai researched and typed the amended complaint, and Scott Rendelman also helped type it.  Plaintiff reviewed the final version, signed it, and approved its contents.  Although Plaintiff has submitted two versions of the amended complaint to the Court (proposed amendments filed with Docs. 27 and 32), he failed to clarify which version he was referring to when answering this question.  (*Id*.).

In response to the final inquiry, Plaintiff states "unequivocally that everything he filed was filed under his own signature" with his approval.  Plaintiff disavows any documents filed using a false signature by someone else, and he points to no such documents filed in this case.  (*Id*.).

Plaintiff supplemented his Show Cause Response with a Motion to Cure Defect in Proceedings.  (Doc. 40).  There, Plaintiff asserts that Annamalai Annamalai has attempted to sabotage his case by filing the notice or statement that prompted the delay in this matter.  Plaintiff explains that this inmate has a history of falsifying documents, and he points to two purported Court Orders (identified as Evidence no. 3 and Evidence no. 4) that Annamalai Annamalai filed with the Eleventh Circuit Court of Appeals as part of a Petition for Rehearing in *United States v. Annamalai*, Case No. 20-10543-DD (Jan. 20, 2023).  Plaintiff asks that any defect in this action caused by Annamalai be cured.

The Court's Order to Show Cause is satisfied by Plaintiff's Response. (Doc. 31). Plaintiff has confirmed that he prepared the handwritten complaint used to initiate this action, and he confirmed the accuracy of its contents before signing and filing the typewritten version prepared by Annamalai Annamalai and Scott Rendelman. However, the Court is unable to determine whether Plaintiff's statements about the amended complaint pertain to the first or second version he filed in this matter because he refers to the amended complaint in the singular. For this reason, the Second Motion for Leave to File Amended Complaint (Doc. 32) shall be denied without prejudice, and the Motion to Cure Defect (Doc. 40) is denied without prejudice to renewal if Plaintiff believes a document has been filed in this case using his falsified signature.

## Disposition

For the reasons set forth herein, Plaintiff's Response to Order to Show Cause (Doc. 31) deems the Court's Order to Show Cause (Doc. 29) **SATISFIED**. Plaintiff is **REMINDED** of his obligation to review, approve, and sign all documents filed in his case after certifying the accuracy and truth of their contents, regardless of who helped him prepare them. He is **WARNED** that failure to do so shall result in **SANCTIONS** that may include dismissal of this action.

Plaintiff's Second Motion for Leave to File Amended Complaint (Doc. 32) and Motion to Cure Defect (Doc. 40) are **DENIED without prejudice**. Plaintiff will have another opportunity to file a Motion for Leave to Amend Complaint according to the date and instructions set forth in the Scheduling and Discovery Order that will be entered once all the defendants have answered.

Defendants shall file their answers or responses to the original Complaint, consistent with the instructions set forth in the Order for Service of Process (Doc. 20), on or before **June 14, 2023**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: 5/15/2023**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **United States District Judge**