## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MONZER AL-KASSAR,** | ) | |
| **#61111-054,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21-cv-01211-JPG** |
| | ) | |
| **BRYANT McGEE,** | ) | |
| **ANDREW MOULTON,** | ) | |
| **J. HUGHES, and** | ) | |
| **GARY BURGESS** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Now before the Court is a Motion for Summary Judgment filed by Defendants Bryant McGee, Andrew Moulton, J. Hughes, and Gary Burgess on August 15, 2023. (Doc. 48). Defendants seek dismissal of the only remaining claim in this action based on Plaintiff Monzer Al-Kassar's failure to exhaust his available administrative remedies before bringing this lawsuit against them. The Court agrees that the defendants are entitled to summary judgment. For the reasons set forth below, the motion shall be **GRANTED**.

### BACKGROUND

Plaintiff brings this action for the alleged denial or delay of medical care for a hand injury he sustained at the United States Penitentiary at Marion, Illinois (USP-Marion), on August 6, 2020. For three weeks after the injury occurred, Plaintiff requested a diagnosis and treatment. (Doc. 1). Following screening of this matter under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with the Eighth Amendment medical deliberate indifference claim (Count 3) against Defendants

1

McGee, Moulton, Hughes, and Burgess pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  (Doc. 20).  All other claims were dismissed.  *Id.*

### MOTION FOR SUMMARY JUDGMENT

On August 15, 2023, Defendants McGee, Moulton, Hughes, and Burgess moved for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit.  (Doc. 48).  According to his inmate records, Plaintiff filed 98 administrative remedy requests while in federal custody.  (*Id.* at 5; Doc. 48-1, ¶ 5).  None allege that the defendants provided inadequate medical care for his hand injury or ignored his requests for treatment.  (*Id.*; Doc. 48-1, ¶¶ 7, 10).  This includes two administrative remedy requests filed with the Complaint and Motion for Summary Judgment: Remedy #1044491 and Remedy #1044512.[1]

Remedy #1044491 is a set of requests and appeals that pertain to Plaintiff's placement in the "Coronavirus Unit."  (Doc. 48, p. 5 at n.3; Doc. 48-1, ¶ 8).  Plaintiff's related claim (Count 1) was dismissed at screening.  (Doc. 20, p. 6).  Defendants provided this documentation simply to demonstrate that it focuses on Plaintiff's placement in the prison's quarantine unit and not the denial of medical care for a hand injury.  (Doc. 48, p. 5 n.3).

Remedy #1044512 is the only set of requests and appeals that address Plaintiff's hand.  (Doc. 48, p. 6; Doc. 48-1, ¶ 9, Ex. 3).  But, none complain about the denial of medical treatment for Plaintiff's injured hand or mention the defendants by name.  *Id.*  Remedy #1044512 focuses instead on identifying the staff member who slammed a food slot door onto Plaintiff's right hand and insulted him on August 6, 2020.  *Id.*  Plaintiff seeks preservation of video footage of the incident.  *Id.*  Because Plaintiff did not complain about the denial of medical care for this injury or identify the defendants in connection with this deprivation, Defendants assert that he did not

---

[1] Defendants state that no other documents in Plaintiff's file address the injury, and Plaintiff does not dispute this.  (Doc. 48-1, ¶ 10).

comply with the exhaustion requirements under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  Defendants seek summary judgment on Count 3.  *Id*.

## RESPONSE

Plaintiff filed a Notice of Rejection and Response In Opposition to Motion for Summary Judgment (Response) on August 31, 2023.  (Doc. 52).  He disputes the entire summary judgment motion as false.  However, Plaintiff does not dispute any particular facts or evidence presented by Defendants, and he does not present his own facts or evidence to challenge those provided by Defendants.  *Id*.  The Court will address Plaintiff's response in more detail below.

## APPLICABLE LEGAL STANDARDS

### 1.      Summary Judgment

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact.  FED. R. CIV. P. 56(c).  Any doubt about a genuine issue must be resolved in favor of the nonmoving party, *i.e.*, the prisoner.  *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).

When deciding a motion for summary judgment on the issue of exhaustion, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust.  *Pavey v. Conley*, 544 F.3d 739, 739-42 (7th Cir. 2008). After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust.  *See Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citing *Pavey*, 544 F.3d at 742).  No hearing is required, however, if no

material facts are disputed.  *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (no hearing required where there are "no disputed facts regarding exhaustion, only a legal questions").

**2.      Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act (PLRA), a prisoner may not file a *Bivens* suit "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  This affords prison officials an opportunity to address complaints internally and take corrective action before the court gets involved.  *Id.*  To satisfy the PLRA's exhaustion requirement, a prisoner's grievance and appeal must be filed "in the place, and at the time, the prison's administrative rules require . . . [and] . . . contain the sort of information that the administrative system requires."  *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002) (internal citation and quotations omitted); *see Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).

For constitutional claims like the one at issue, an inmate must use the Federal Bureau of Prison's (BOP) Administrative Remedy Program described in 28 C.F.R. § 542.10 *et seq.*, which creates a four-step process for addressing grievances.  Before initiating the formal grievance process, an inmate must first attempt to resolve his complaint by submitting an informal resolution form detailing any efforts he made to address the problem.  28 C.F.R. § 542.13.  Second, if this does not resolve the grievance, the inmate must submit a formal Administrative Remedy Request (BP-9) where he is incarcerated within twenty calendar days of the event or injury giving rise to the complaint. 28 C.F.R. §§ 542.13-.14. Third, if the inmate is not satisfied with the warden's response to the Administrative Remedy Request, the inmate may file an appeal to the appropriate Regional Director (BP-10) within twenty calendar days of the warden's signed response. 28 C.F.R. § 542.15. The fourth step is an appeal to the Office of General Counsel using a Central Office Administrative Remedy Appeal (BP-11) filed within 30 days of the Regional Director's response.

**DISCUSSION**

**1.     No Material Facts In Dispute**

No hearing is required because there are no genuine issues of material fact in dispute regarding exhaustion.  Plaintiff did not meaningfully challenge any material facts presented by Defendants.  (Doc. 52).  In a Rule 56 Notice entered when Defendants filed their motion, Plaintiff was advised that the Court may consider a fact undisputed for purposes of a Rule 56 motion, "[i]f a party fails . . . to properly address another party's assertion of fact."  (Doc. 49) (citing FED. R. CIV. P. 56(e)).  When challenging a fact presented by an opposing party or presenting his own, Plaintiff can rely on affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 324-25.

Plaintiff offered no proposed facts, no evidence in support of any proposed facts, and no evidence to contradict Defendants' facts.  (Doc. 52).  He merely objected to their motion as a "farce," "gibberish," "hocus-pocus," and "legaldygook (i.e., complicated jargon or poor legal writing)."  *Id*. at 2.  Plaintiff explained that "[d]uring DISCOVERY, [he] will reveal other MATERIAL FACTS to cause (sic) this complaint to be more concrete."  *Id*. (emphasis in original).

In his Response, Plaintiff instead complained about the untimeliness of Defendants' initial disclosures.  (Doc. 52).  He states that these disclosures were mailed August 15, 2023, which was two weeks after they were due on August 1, 2023.  (Doc. 46).  Plaintiff filed a "Motion for Entry of Default" against the defendants on August 21, 2023, in order to alert the Court to the delay in the initial disclosures and to demand settlement.  (Doc. 50).  Two days later, the Court entered the below Order, inviting Plaintiff to file a motion to compel after first attempting informal resolution of any dispute about the initial disclosures *and* inviting Plaintiff to file a motion for extension of time to respond to the pending motion for summary judgment, if necessary:

5

ORDER DENYING 50 Motion for Entry of Default by Monzer Al-Kassar. Plaintiff seeks default against Defendants for their alleged failure to make initial disclosures by August 1, 2023, consistent with the deadline set in the 46 Initial Scheduling and Discovery Order. A motion for default is not the appropriate vehicle for addressing the defendants' inaction. Pursuant to Fed. R. Civ. P. 37(a)(1), **Plaintiff may file a motion to compel these initial disclosures once he has made a good faith effort to resolve the dispute directly with the defendants** before turning to the Court; he must also certify that he has made a good faith effort. **If he has now received Defendants' Initial Disclosures and requires additional time to respond to the pending 48 Motion for Summary Judgment, Plaintiff may simply file a motion for extension of time, but he must do so before the deadline for responding expires.**

(Doc. 51). Plaintiff's deadline for responding to the pending summary judgment motion was September 14, 2023.

Plaintiff filed this Response two weeks early, on August 31, 2023. He never filed a motion to compel the initial disclosures. He made no argument that Defendants' delay in service of initial disclosures prevented him from responding to the dispositive motion, and he never requested additional time to prepare his response in opposition to summary judgment. Plaintiff also attached excerpts from Defendants' Initial Disclosures to his Response, *see* Doc. 52, pp. 10-11, making it clear that he was in possession of this information while preparing his Response.

In the Response, Plaintiff offered no evidence or facts in opposition to those set forth by Defendants. Plaintiff made no argument that he was prevented from doing so. Accordingly, the Court accepts Defendants' facts as undisputed. *See* FED. R. CIV. P. 56(e).

## 2.    Plaintiff's Efforts to Exhaust

According to the undisputed facts in the record, Plaintiff filed no administrative remedy request addressing the defendants' denial of medical care for his hand injury. Remedy #1044512 most closely addresses Count 3. There, Plaintiff seeks identifying information for the guards who worked near his cell when his hand was injured, and he requests preservation of video footage from that time period. (Doc. 48-4, p. 8). He does not even mention his hand injury until later

stages of the appeals process.  And, even then, Plaintiff does not indicate or imply that he was

denied medical treatment for the injury by anyone, including the defendants.  *Id*.

Plaintiff states in his BP-8 dated August 17, 2020:

I need to know the name of the guards on Thursday, 08/06/2020, at 6:10 a.m. during the
breakfast time on Cell No. 16 in coronavirus unit next to Medical Dept. in USP-Marion,
IL 62959; also to reserve and preserve Cell No. 16 until seen video recording and to
preserve the camera visual recording any for the whole time from Wed 08/05/2020 until
my time in the S.H.U. at the C.M.U. Marion!  I've asked staffs many many times.

*Id*..  He requests the following resolution: "JUSTICE!"  *Id*. (emphasis in original).  A handwritten

response dated August 20, 2020, states: "No Response Provided."  *Id*.

Plaintiff states in his BP-9 dated August 26, 2020:

To: Mr. Sproul, Warden;

My request in my BP8 dated 8/17/2020 was very simple; The response of my BP8 on
8/20/2020 was No Response Provided! See attached BP8. I take it as a cover up for the
crime been committed on my person. I am in no way accusing you personally in this
coverup! Please, answer my BP9, and, my request in my BP8!  Thank you.

*Id*. at 7.   The warden responded by indicating that the matter was under investigation on

November 19, 2020.  *Id*. at 6.

Plaintiff states in an appeal dated November 6, 2020:

This is an appeal remedy #1044512-F1. No timely response was received to the BP-9, even
after many verbal and written attempts to have an answer to my BP-9 (see attached).
Alkassar would like the name of the staff member who served him breakfast on Thursday,
August 6, 2020 at 6:10 AM. This staff member interrupted Alkassar's prayers maliciously,
threw his breakfast on the floor, called him a "fu**ing Muslim," and slammed the food slot
door closed on my right hand (medical reports are available). This occurred on G-Unit,
"Corona Virus Death Row," cell #16.

Please preserve the cameras and all evidence regarding this incident.   *Id*. at 4.

Plaintiff filed a BP-10 with the Regional Director on November 25, 2020.  *Id*. at 5.  In it,

he requests the name of a man who was present, four days after the incident on August 10, 2020,

and observed a conversation between Plaintiff and an unidentified woman about his injury, his

7

request for a doctor, and his request for video footage. *Id*. He concludes by stating, "I am now asking you to give the order to preserve this footage to verify my allegation." *Id*. The Regional Director found that the issues were adequately address upon review of the matter on February 21, 2021. *Id*. at 3. Plaintiff then filed an appeal of this decision on March 1, 2021, using virtually the same appeal form as the form submitted November 6, 2020, *see id*. at 2, and it was denied July 22, 2021. *Id*. at 1.

**3.     Analysis**

The Seventh Circuit Court of Appeals has explained what needs to be included in a grievance in order to satisfy exhaustion requirements. *See Strong v. David*, 297 F.3d 646 (7th Cir. 2002); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). According to the Seventh Circuit, a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. And, "grievances must contain the sort of information that the administrative system requires." *Strong*, 297 F.3d at 649. "When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Id* at 650. The forms used by Plaintiff prompt him to describe his grievance and state his request for relief. Defendants have pointed to no other rules or regulations that impose requirements for grievances beyond those set forth in *Strong*.

Plaintiff's grievance documents provided no notice to the facility that he needed medical care for his hand injury due to the denial of medical treatment by anyone, including the defendants. Plaintiff fails to mention his hand injury at all until an appeal. Even there, Plaintiff indicates that he received medical treatment, stating that "medical reports are available." (Doc. 48-4, p. 4). The focus of his grievance and appeals is his request to identify the individual who hurt him and preserve video footage of the incident. This is not enough to satisfy the PLRA's exhaustion

requirement for the Eighth Amendment medical deliberate indifference claim against Defendants McGee, Moulton, Hughes, and Burgess.  Plaintiff draws no connection between the person who hurt him and the defendants named in Count 3.  Based on the undisputed evidence in the record, Plaintiff did not exhaust his administrative remedies before bringing Count 3.  Defendants Bryant McGee, Andrew Moulton, J. Hughes, and Gary Burgess are entitled to summary judgment.

DISPOSITION

For the reasons set forth above, the Motion for Summary Judgment filed by Defendants Bryant McGee, Andrew Moulton, J. Hughes, and Gary Burgess (Doc. 48) is **GRANTED**, and **COUNT 3** is **DISMISSED** without prejudice based on Plaintiff's failure to exhaust his available administrative remedies as required by the Prison Litigation Reform Act.  Because no other claims or defendants remain, the entire action shall  be **DISMISSED** without prejudice.

If he wishes to appeal this dismissal, Plaintiff's notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike" within the meaning of 28 U.S.C. § 19159(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 2/13/2024**                    **s/ J. Phil Gilbert**
                                        **J. PHIL GILBERT**
                                        **United States District Judge**